IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KELLY N. MEILE,<br><br>        Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>        Defendant. | CV 15–170–M–JCL<br><br>ORDER |

On March 13, 2017, the Court entered an order reversing the Commissioner's decision denying Plaintiff Kelly Meile's application for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act, and remanding the case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). This matter comes before the Court now on Meile's application for an award of attorneys fees in the amount of $8,670.60 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). Meile's counsel requests payment for a total of 45 hours at the

-1-

applicable statutory maximum rate of $192.68 for 2016 and 2017.[1]

Under the EAJA, a party who prevails in a civil action against the United States is entitled to an award of attorney's fees "unless the court finds that the position of the United States was substantially justified" or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A presumption arises under the EAJA "that fees will be awarded to prevailing parties...." *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). The Commissioner thus bears the burden of proving "that her position was substantially justified." *Yang v. Shalala*, 22 F.3d 213, 217 (9th Cir. 1994). "A substantially justified position must have a reasonable basis in both law and fact." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

The Commissioner does not dispute that Meile is a prevailing party for purposes of an EAJA fee award, or take issue with the number of hours billed or the hourly rate requested. Rather, Commissioner opposes Meile's motion on the ground that the government's position was substantially justified. The Court remanded this case in part because the ALJ did not provide sufficient reasons for discounting two treating physician opinions. The Ninth Circuit has held that an ALJ's failure to offer sufficient reasons, supported by substantial evidence, for rejecting a treating physician's opinion is a procedural error that supports a finding

---

[1] Meile's opening brief misstates the amount sought as $9,670.60. In her reply brief, Meile agrees that the correct calculation is $8,670.60.

that the government's position was not substantially justified. See *Meier v. Colvin*, 727 F.3d 867, 872 (9th Cir. 2013); *Shafer v. Astrue*, 518 F.3d 1067, 1071-72 (9th Cir. 2008). The Court also remanded this case because the ALJ failed to consider the applicable listing. This was a legal error, and the Commissioner's defense of that error was not substantially justified. See *Shafer*, 518 F.3d at 1071-72. The Commissioner has not pointed to any other circumstances that would make an award of fees in this case unjust.

The Commissioner next argues Meile's motion for attorney fees should be denied because she has not provided the necessary documentation. Meile's attorney explains in his supporting affidavit that Meile was not charged for the work he performed, and any fees awarded by the Court will go to Montana Legal Services Association (MLSA). (Doc. 29-1). The Commissioner construes this as a request that the Court award fees directly to MLSA, and argues it would be improper for the Court to do so because Meile has not provided any assignment agreement with MLSA or her attorney. As Meile makes clear in her reply brief, however, she is asking that any fees awarded be paid directly to her, not to her attorney or MLSA.

As a general rule, an attorney fee award under the EAJA is payable to the litigant, which means it is subject to a government offset to satisfy any pre-existing debt owed to the United Stats. *Astrue v. Ratliff*, 560 U.S. 586, 592-93

(2010). If the parties stipulate that if the plaintiff does not owe a federal debt that requires offset and the submit a valid assignment of fees executed by the plaintiff, the Court may direct that a fee award be made payable to plaintiff's attorney. Without such a stipulation and assignment of fees, any EAJA fee award in this case is payable to Meile.

Because the Commissioner has not shown that the government's position in this case was substantially justified or that special circumstances make an award unjust, Meile is entitled to attorney fees under the EAJA. Accordingly,

IT IS ORDERED that Plaintiff's motion for attorney fees is GRANTED in the amount of $8,670.60.

DATED this 14th day of July, 2017

*Jeremiah C. Lynch*
Jeremiah C. Lynch
United States Magistrate Judge